UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| MARTAY LOVE | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 5: 08-303-KSF |
| | ) | |
| V. | ) | |
| | ) | |
| DR. GROWSE, ET AL. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | |

**** **** ****

Plaintiff Martay Love ("Love"), a prisoner incarcerated at the Federal Medical Center in Lexington, Kentucky, has filed a *pro se* civil rights action under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [DE 2] The Court has granted his motion to proceed without prepayment of the filing fee by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Love is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

I.   **FACTUAL BACKGROUND**

In his Complaint, Love alleges that he reported to sick call on October 19, 2007 and October 22, 2007, and on both occasions nurse Carpenter failed to take his blood pressure and was unable to refill his prescription medication Ergotamine because the formulary was out of stock.  Love alleges that Carpenter failed to treat him on these two occasions in retaliation for his prior discussions with prison doctors regarding her unprofessional behavior toward inmates.  Love indicates that he received his prescription medication on October 23, 2007.  Before he received that medication, he suffered nausea, vomiting, and weakness in his leg and arm.

Love further alleges that on March 20, 2008, he was given a CT scan, but that he has never received a copy of the results notwithstanding repeated requests.

Finally, Love alleges that on June 6, 2008 he was given an injection of sumatriptan, and thereafter began to suffer pain in his neck and chest, numbness and tingling in his hands and feet, drowsiness, severe stomach pains, weakness in his legs and arms, and vomiting.  Love indicates that the nurse told him that the sumatriptan and Ergotamine should not be taken within 24 hours of one another, and that Dr. Growse should have been aware of the drug interaction and ensured that Plaintiff was taken off Ergotamine before the sumatriptan injection.  Plaintiff alleges that Defendants Growse, Holbrooke, and Carpenter were negligent in failing to ensure no adverse drug interaction occurred.

II.   **DISCUSSION**

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "[i]n order to state a cognizable claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Id*.

at 106. This requirement has two components. The first component is objective and requires that the prisoner be complaining about medical needs that are sufficiently "serious" to implicate constitutional concerns. The second component is subjective, and requires the prisoner to demonstrate that prison officials acted with "deliberate indifference" to those needs, a knowing and culpable state of mind which exists only where the care provider is actually aware of a serious risk to the inmate's health and knowingly fails to respond reasonably to that risk. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Brooks v. Celeste*, 39 F.3d 125, 128-29 (6th Cir. 1994).

Love's first claim relating to a delay in receiving his prescription medication for his migraine headaches fails to state a viable claim under the Eighth Amendment using this standard. While such a delay is unfortunate and caused the Plaintiff some discomfort, it is insufficient to establish a violation of his constitutional rights. A plaintiff may establish an Eighth Amendment claim for deliberate indifference to his serious medical needs based upon a delay in receiving treatment only where the delay provides an inference that the defendant possessed the required culpable state of mind in light of both the extreme severity of the condition, the obviousness of the condition, and the self-evident need to treat it promptly or immediately. *See, e.g., Hicks v. Frey*, 992 F.2d 1450, 1456-57 (6th Cir. 1993). However, a brief delay in treating a non-critical condition, especially in light of a circumstance out of the defendant's control such as the unavailability of the necessary medication, fails to provide any factual basis to infer that the defendant was "deliberately indifferent" to a plaintiff's serious medical needs. *Canady v. Wilkinson*, 2004 WL 232728 (6th Cir. 2004); *Lindwurm v. Wexford Health Sources, Inc.*, 2003 WL 22969348 (10th Cir. 2003); *Brooks*, 39 F.3d at 128-29.

Love's second claim, which relates to the Defendants' failure or refusal to provide him with copies of all of his medical records, also fails to state a viable Eighth Amendment claim. As the BOP's response to his grievance made clear, the BOP will provide copies of medical records beyond the first 100 pages at a cost of 10¢ a page. Love has simply refused to pay this amount. Love is constitutionally entitled to adequate medical care, but the BOP is vested with the discretion on how to provide it. As a threshold matter, a prisoner lacks any constitutional right to see his or her own medical records. *Collins v. Khoury*, 2002 WL 1941150 (N.D. Cal. 2002). Further, the BOP's decision to require inmates to pay a small fee to recover some of the costs of duplication is both reasonable and logically unrelated to the quality of care actually received. *Revere v. Massachusetts General Hospital*, 463 U.S. 239, 245 n.7 (1983). Notably absent from Love's allegations is any suggestion that his failure to receive copies of his medical records caused or even contributed to some independent physical injury, a deficiency which by itself dooms his claim. 42 U.S.C. § 1997e(e). Because Love does not and cannot allege any physical injury arising from the BOP's conduct in this regard, and because the refusal of the BOP to provide Love with unlimited copies of his medical records does not affect the care actually provided, Love's allegations fail to state an Eighth Amendment claim.

Finally, Love's allegations regarding the episode of adverse drug interaction on June 6, 2008 fails to state an Eighth Amendment claim. Love indicates that he suffered a number of painful symptoms as a result of an accidental interaction between the Ergotamine medication he was taking and the sumatriptan he received that day by injection. Love characterizes the failure of his treating physicians and/or nurse to avoid that interaction by being aware of his medications as "negligence." Certainly adverse drug interactions can be quite serious, and a medical professional's failure to avoid

-4-

such an interaction may constitute negligence under state law.  But as *Estelle* itself explained, the Eighth Amendment does not transform medical malpractice into a constitutional claim:  only *deliberate* indifference violates the Constitution, not the kind of inadvertence or carelessness that Love describes.  *Estelle*, 429 U.S. at 106 ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3rd Cir. 1993).  Absent an express allegation of intentional wrongdoing or allegations which provide a factual basis for inferring the kind of gross recklessness necessary to satisfy the Eighth Amendment's requirement of *deliberate* indifference, this claim fails as a matter of law.  *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989).

### III.   CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1.      Plaintiff's Complaint [DE 2] is **DISMISSED WITH PREJUDICE.**

2.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 3rd day of October, 2008.



Signed By:

*Karl S. Forester*  K S F

**United States Senior Judge**

-5-